**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>R. FISHER, Warden,<br><br>    Defendant. | Case No.: 1:20-cv-01835-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS HABEAS PETITION<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

On December 30, 2020, Petitioner filed the instant petition for writ of habeas corpus in this Court. (Doc. 1.) Petitioner is seeking release from incarceration as a result of Petitioner's alleged continuing unreasonable risk of exposure to COVID-19 in the existing unsafe prison conditions and risk of rapid death or serious injury due to complications from COVID-19 because of Petitioner's advanced age and/or medical infirmities. For the following reasons, the Court will recommend the petition be SUMMARILY DISMISSED without prejudice.

**DISCUSSION**

A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory

1

Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner requests that the Court waive exhaustion and states in support that he has been diligent in his pursuit of these remedies (see Doc. 1 at 31-32, 50), and suggests that he need not exhaust his remedies (Id. at 47-48). It appears he has not filed any other state court actions regarding these claims. Because it appears Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is unexhausted. Rose, 455 U.S. at 521-22. Therefore, the petition must be dismissed for lack of exhaustion.

C.     Failure to State a Cognizable Ground for Relief

Petitioner claims that the conditions of his confinement violate the Eighth Amendment's prohibition against cruel and unusual punishment due to COVID-19 and his high-risk medical designation. (Doc. 1 at 5.) Petitioner alleges that he is an elderly inmate at CDCR and is being denied constitutionally provided health care and basic safety protection by the CDCR due to the COVID-19

pandemic. (See Doc. 1 at 29.) Petitioner contends that due to the overcrowding by prison officials and "substandard health care coupled with Petitioner's substantial underlying medical health conditions," he is "highly vulnerable" to COVID-19. (Id.)

On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), P.L. 116-136, 134 Stat 281. The CARES Act provides authority to the Bureau of Prisons to allow for home confinement. Off. of the Att'y Gen., Mem. for Dir. of Bureau Prisons, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (March 26, 2020), https://www.justice.gov/coronavirus; see also Off. of the Att'y Gen. Mem., Mem. for Dir. of Bureau Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), https://www.justice.gov/coronavirus. However, this relief through the CARES Act is available to *federal* prisoners incarcerated at Bureau of Prisons facilities. Petitioner is not a federal prisoner and is not incarcerated at a BOP facility.

To the extent petitioner is seeking compassionate release pursuant to 18 U.S.C. § 3582 due to the risks posed to him by the COVID-19 pandemic, his request is before the wrong court, because "[o]nly the original sentencing court can entertain such requests." Bolden v. Ponce, No. 2:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (citing United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted. . . .")).

Finally, federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Although petitioner's request appears to argue the current prison conditions expose him to a higher risk of harm due to his various medical conditions and COVID-19, petitioner's request relates to the conditions of petitioner's confinement and is more appropriately brought pursuant to 42 U.S.C. § 1983. Bowman v. California, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal. June 26, 2019) (Petitioner's request for release from custody based on jail conditions through a habeas petition was dismissed for failure to state a cognizable federal claim. Claims relating to conditions of confinement for state prisoners are more appropriately brought under 42 U.S.C. § 1983 even though petitioner also requested release from custody as a form of relief).

**ORDER**

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 10, 2021**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE