UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>        Petitioner,<br><br>    v.<br><br>R. FISHER, Warden,<br><br>        Respondent. | No. 1:20-cv-01835-NONE-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 8) |

        Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 11, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition pending before the court be dismissed. (Doc. No. 8.) These findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service. (*Id.* at 4.) On January 21, 2021, petitioner filed objections to the magistrate judge's findings and recommendations. (Doc. No. 11.)

        In his objections, petitioner reiterates arguments previously raised in his petition and again seeks his release from incarceration due to the alleged continuing unreasonable risk of petitioner's exposure to COVID-19 resulting from existing unsafe prison conditions and the risk to petitioner of rapid death or serious injury due to complications from COVID-19 because of his advanced

age and/or medical infirmities. (*See id.*) Specifically, petitioner states that he "is challenging the conditions of confinement brought on by the pandemic," and that his "habeas, as such, can be heard on the merits within the Federal District in which he is housed as it does not relate to his conviction, but ongoing conditions of confinement brought on by the unique circumstances of the Covid pandemic . . ." (*Id.* at 9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. As explained by the magistrate judge, a civil rights action brought pursuant to 42 U.S.C. § 1983, not a federal habeas petition, is the proper method for a prisoner to challenge the conditions of his confinement. (*See* Doc. No. 8 at 3.) Furthermore, if "petitioner is seeking compassionate release pursuant to 18 U.S.C. § 3582 due to the risks posed to him by the COVID-19 pandemic, his request is before the wrong court, because '[o]nly the sentencing court can entertain such requests.'" (*Id.* (citations omitted).) By petitioner's own admissions, he seeks relief beyond the scope of a federal habeas petition and thus, his petition must be dismissed.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief to be debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed January 11, 2021 (Doc. No. 8), are adopted;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 30, 2021**

_____
UNITED STATES DISTRICT JUDGE