UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD ALAN DILBERT,<br><br>    Petitioner,<br><br>    v.<br><br>R. FISHER, Warden,<br><br>    Respondent. | Case No.: 1:20-cv-01835-DAD-JLT (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 15) |

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On January 11, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed. (Doc. No. 8.) On January 21, 2021, petitioner filed objections to the magistrate judge's findings and recommendations. (Doc. No. 11.) The court adopted the findings and recommendations on April 30, 2021. (Doc. No. 13.) Pending before the court is petitioner's motion for reconsideration, filed on May 18, 2021.[1] (Doc. No. 15.)

/////

---

[1] Petitioner also titles this filing as objections to the findings and recommendations (*see* Doc. No. 15); however, petitioner already filed objections to the findings and recommendations (Doc. No. 11), which the court considered in adopting the findings and recommendations and dismissing the petition (*see* Doc. No. 13).

1

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.C. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner fails to meet the requirements for granting a motion for reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the court's Local Rules, petitioner has not shown "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Instead, petitioner continues to assert that he is challenging his conditions of confinement brought on by the COVID-19 pandemic and requests the court to issue a certificate of appealability. (Doc. No. 15 at 4–6.) However, the court has previously addressed these issues and explained that a civil rights action brought pursuant to 42 U.S.C. § 1983, not a federal habeas petition, is the proper method by which a prisoner may challenge the conditions of his confinement. (*See* Doc. Nos. 8 at 3,

13 at 2.)  To the extent "petitioner is seeking compassionate release pursuant to 18 U.S.C. § 3582 due to the risks posed to him by the COVID-19 pandemic," he must bring his request before the sentencing court.  (Doc. No. 13 at 2 (citing Doc. No. 8 at 3).)

**ORDER**

Accordingly, petitioner's motion for reconsideration (Doc. No. 15) is DENIED.

IT IS SO ORDERED.

Dated:   **July 22, 2021**

_____
UNITED STATES DISTRICT JUDGE